Filed 7/11/22 P. v. Bruhn CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C094000 |
| Plaintiff and Respondent, | (Super. Ct. No. 19FE017469) |
| v. | |
| MICHAEL ROBERT BRUHN, | |
| Defendant and Appellant. | |

A jury found defendant Michael Robert Bruhn guilty of stalking in violation of a restraining order and found true the allegation of a prior felony stalking conviction. The trial court imposed the upper term. Defendant appeals.

While defendant's appeal was pending, Senate Bill No. 567 (2021-2022 Reg. Sess.) came into effect, changing the trial court's sentencing discretion. Both parties agree that Senate Bill No. 567 applies retroactively to defendant's case but disagree on the remedy. Defendant contends the case must be remanded for resentencing because some aggravating factors relied on by the trial court were not stipulated to or proven beyond a reasonable doubt under the amended statute. The People, on the other hand, argue remand is unnecessary because the trial court based the upper term on facts admitted by defendant and found true by the jury, and any error was harmless. We affirm.

1

FACTUAL AND PROCEDURAL BACKGROUND

The People charged defendant with stalking in violation of a restraining order and alleged that defendant had sustained a prior felony stalking conviction in June 2018. At the jury trial, defendant stipulated to a prior stalking conviction in October 2017, and the alleged June 2018 prior felony stalking conviction, and that both involved the same victim. He also stipulated that a restraining order prohibiting him from contacting the same victim was in effect at the time of the current offense. According to the testimony of a probation officer at trial, defendant had served a prior prison term and was on postrelease community supervision when he was arrested for the current offense. The jury found defendant guilty of stalking in violation of the restraining order and found the prior felony stalking conviction allegation to be true.

At sentencing, the trial court stated it considered the aggravating factors in the probation report, including: that the crime involved a threat of great bodily harm or acts of cruelty; the manner in which the crime was carried out; defendant had prior convictions as an adult "for the same offense directed to the same victim"; defendant's prior convictions were numerous or of increasing seriousness; defendant had served a prior prison term; and, defendant was on postrelease community supervision when he committed the current offense. The trial court also noted the lack of any mitigating circumstances. Considering these circumstances and "particularly given the prior prison term," the trial court selected the upper term of five years.

Defendant timely appealed.[1]

---

[1]    Defendant filed the notice of appeal on April 27, 2021. Requests for extension of time from the court reporter and defendant delayed the brief schedule. The case was fully briefed on April 27, 2022.

DISCUSSION

On appeal, the parties agree Senate Bill No. 567 applies retroactively to this case. Defendant further argues this matter should be remanded for sentencing under the amended statute because some aggravating factors relied on by the trial court were not stipulated to or proven beyond a reasonable doubt. The People, on the other hand, contend remand is unnecessary because the trial court imposed the upper term based on defendant's criminal history, which he stipulated to at trial. The People also claim any error was harmless because a jury would have found the aggravating circumstances true beyond a reasonable doubt. We agree that Senate Bill No. 567 applies retroactively but find remand unnecessary.

## I

### *Senate Bill No. 567 Applies Retroactively*

While this appeal was pending, Senate Bill No. 567 came into effect. It amends Penal Code[2] section 1170, subdivision (b), making the middle term of imprisonment the presumptive sentence. (Stats. 2021, ch. 731, § 1.3.) It further states the trial court may impose the upper term only if the facts underlying the aggravating circumstances "have been stipulated to by the defendant, or have been found true beyond a reasonable doubt at trial by the jury or by the judge in a court trial." (§ 1170, subd. (b)(2), as amended by Stats. 2021, ch. 731, § 1.3.) This change aims to protect a defendant's right to a jury trial by ensuring the trial court does not impose an upper term "without granting defendants the opportunity to have a jury review and determine the truthfulness of alleged aggravating facts." (Sen. Rules Com., Off. of Sen. Floor Analyses, Unfinished Business Analysis of Sen. Bill No. 567 (2021-2022 Reg. Sess.) as amended Sept. 3, 2021, p. 4.)

According to the principle established in *In re Estrada* (1965) 63 Cal.2d 740, an ameliorative change in law applies retroactively to nonfinal judgments in the absence of

---

[2] Further undesignated section references are to the Penal Code.

an express statement to the contrary by the Legislature. (*People v. Francis* (1969) 71 Cal.2d 66, 75-76.) A judgment becomes final when it has reached final disposition in the highest court authorized to review it. (*People v. Rossi* (1976) 18 Cal.3d 295, 304.) Here, defendant's judgment is not yet final and may be reduced by operation of Senate Bill No. 567. The Legislature also did not expressly prohibit the retroactive application of the bill. Senate Bill No. 567 therefore applies retroactively to this case.

II

*Remand Is Unnecessary*

When speaking of the trial court's discretion to impose the upper term, section 1170, subdivision (b)(1) through (3), as amended by Senate Bill No. 567, provides the court may impose the upper term "only when there are circumstances in aggravation of the crime that justify the imposition of a term of imprisonment exceeding the middle term . . . ."[3] By its plain meaning, the provision does not provide for a presumption that a trial court must exercise its discretion in a certain way. Instead, the Legislature created a rule *limiting* a trial court's discretion to impose the upper term in cases where no aggravating factor has been proven beyond a reasonable doubt or otherwise stipulated to by the defendant.

---

[3]     Section 1170, subdivision (b)(1) through (3) provides: "(b)(1) When a judgment of imprisonment is to be imposed and the statute specifies three possible terms, the court shall, in its sound discretion, order imposition of a sentence not to exceed the middle term, except as otherwise provided in paragraph (2). [¶] (2) The court may impose a sentence exceeding the middle term only when there are circumstances in aggravation of the crime that justify the imposition of a term of imprisonment exceeding the middle term, and the facts underlying those circumstances have been stipulated to by the defendant, or have been found true beyond a reasonable doubt at trial by the jury or by the judge in a court trial. . . . [¶] (3) Notwithstanding paragraphs (1) and (2), the court may consider the defendant's prior convictions in determining sentencing based on a certified record of conviction without submitting the prior convictions to a jury. This paragraph does not apply to enhancements imposed on prior convictions."

4

Given that subdivision (b)(1) through (3) of section 1170 is silent regarding the court's discretion, the newly enacted provision leaves unchanged a trial court's discretion to impose the upper term of imprisonment based on a single aggravating factor (see *People v. Nicolas* (2017) 8 Cal.App.5th 1165, 1182; *People v. Osband* (1996) 13 Cal.4th 622, 728 ["[o]nly a single aggravating factor is required to impose the upper term"]) and the sentence it believes to be appropriate to the case and the defendant being sentenced before it (see *People v. Castaneda* (1999) 75 Cal.App.4th 611, 614 ["A judge's subjective determination of the value of a case and the appropriate aggregate sentence, based on the judge's experiences with prior cases and the record in the defendant's case, cannot be ignored. A judge's subjective belief regarding the length of the sentence to be imposed is not improper as long as it is channeled by the guided discretion outlined in the myriad of statutory sentencing criteria"]).

Reading section 1170, subdivision (b)(1) through (3) in the context of the law existing at the time of its enactment, as we are required to do (see *Leslie Salt Co. v. San Francisco Bay Conservation etc. Com.* (1984) 153 Cal.App.3d 605, 618-619 ["Where, as here, such legislation does not expressly purport to depart from or alter the common law, it will be construed in light of common law principles bearing upon the same subject"]), the prosecution needs to prove only one aggravating circumstance to justify imposition of the upper term (§ 1170, subd. (b)(1)-(3)). A justifying factor is any factor that is listed in the California Rules of Court even before the amendment. (§ 1170, subd. (a)(3) ["In sentencing the convicted person, the court shall apply the sentencing rules of the Judicial Council"].)

Here, defendant stipulated to a prior conviction and the jury found another to be true, justifying the trial court's imposition of the upper term. (Cal. Rules of Court, rule 4.421(b)(2); see *People v. Flores* (2022) 75 Cal.App.5th 495, 500-501 [an upper term may be affirmed without remanding for resentencing as long as the reviewing court is

satisfied, beyond a reasonable doubt, that "the jury would have found true at least one aggravating circumstance"], citing *People v. Sandoval* (2007) 41 Cal.4th 825.)

Moreover, any error is harmless under the standard announced in *Lopez*. (*People v. Lopez* (2022) 78 Cal.App.5th 459.) There, the court concluded, "The question of prejudice under retroactive application of the revised triad system involves a two-step process, neither of which includes a determination as to whether the trial court relied on a single, or even a few, permissible factors in selecting an upper term. Rather, under the new version of the triad system set forth in section 1170, the initial relevant question for purposes of determining whether prejudice resulted from failure to apply the new version of the sentencing law is whether the reviewing court can conclude beyond reasonable doubt that a jury would have found true beyond a reasonable doubt *all* of the aggravating factors on which the trial court relied in exercising its discretion to select the upper term. If the answer to this question is 'yes,' then the defendant has not suffered prejudice from the court's reliance on factors not found true by a jury in selecting the upper term. However, if the answer to the question is 'no,' we then consider the second question, which is whether a reviewing court can be certain, to the degree required by *People v. Watson* (1956) 46 Cal.2d 818, 836 . . . , that the trial court would nevertheless have exercised its discretion to select the upper term if it had recognized that it could permissibly rely on only a single one of the aggravating factors, a few of the aggravating factors, or none of the aggravating factors, rather than all of the factors on which it previously relied. If the answer to both of these questions is 'no,' then it is clear that remand to the trial court for resentencing is necessary." (*People v. Lopez, supra*, 78 Cal.App.5th at p. 467, fn. 11.)

The trial court cited as factors in aggravation defendant's prior convictions against the same victim, the fact his prior convictions were numerous or of increasing seriousness, his prior prison term, and that defendant was on postrelease community supervision when he committed the current offense. It is likely beyond a reasonable

6

doubt a jury would find these factor true beyond a reasonable doubt. (See *People v. Lopez, supra*, 78 Cal.App.5th at p. 465.) These factors were either proven, stipulated, or established by the probation report using certified records, and presented to the court in defendant's presence for the purposes of sentencing -- a time when defendant had every incentive to object if incorrect. On the other hand, we cannot say beyond a reasonable doubt a jury would find true beyond a reasonable doubt the more subjective aggravating circumstances relied on by the trial court that the crime involved a threat of great bodily harm or that defendant carried out the offense in a particularly aggravated manner. (*People v. Sandoval, supra*, 41 Cal.4th at p. 840; see *People v. Lincoln* (2007) 157 Cal.App.4th 196, 204 ["making assessments of what a jury would have decided with respect to 'somewhat vague or subjective standard[s]' is a thorny task"].) It is reasonably probable, however, the trial court would have exercised its discretion to impose the upper term had it known it could not rely on all the factors it originally cited as justification for imposing the upper term. Indeed, the trial court found defendant's prior prison term particularly important to its decision to impose the upper term. Added to the multiple other factors relevant to defendant's recidivism, especially against the same victim, we conclude remand is unnecessary.

## DISPOSITION

The judgment is affirmed.

/s/
Robie, Acting P. J.

I concur:

/s/
Earl, J.

I concur; as to Part II of the Discussion, I concur in the result.

/s/
Mauro, J.

7